UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| PRIVATA, LLC, a Delaware Corporation,<br><br>          **Plaintiff,**<br><br>v.<br><br>NORTE PESCA, SA, a Brazilian Corporation, RODRIGO FAUZE HAZIN, and ANTONIO CASSIO PIMENTAL HAZIN,<br><br>          **Defendants.** | Civ. No. 18-14688-KM-SCM<br><br>**OPINION** |

## KEVIN MCNULTY, U.S.D.J.:

This matter comes before the Court on the motion of plaintiff Privata LLC motion for the issuance of letters rogatory (DE 6) and its motion to amend the summons and letters rogatory (DE 7).

For the following reasons, Privata's motion for the issuance of letters rogatory is granted. Privata's motion to amend the summons to reflect the new address of the law firm representing the plaintiff is also granted.

### I.    Background[1]

On October 5, 2018, Privata LLC ("Privata") filed a complaint in this Court against defendant Norte Pesca, S.A. and two of its directors, defendant Rodrigo Fauze Hazin and defendant Antonio Cassio Pimental Hazin. (Compl. ¶1). Privata is a corporation that does business in New Jersey. (Compl. ¶2). All three defendants are citizens and residents of Brazil. (Compl. ¶¶1, 3-5).

---

[1] For ease of reference, certain key items from the record will be abbreviated as follows:

DE __ = Docket entry number in this case;

Compl. = Complaint and jury demand (DE 1).

1

Privata's complaint alleges three causes of action against defendants: breach of contract; accounting; and fraud. (*See generally*, Compl.).

On November 2, 2018, Privata filed a motion for the issuance of letters rogatory to serve the Brazilian defendants with the summons and complaint. On January 1, 2019, Privata filed a motion to amend/correct the summons. Privata seeks to amend the summons to reflect the new address of the law firm representing the plaintiff. (DE 10-1).

## II. Discussion

Rule 4(f) provides that service on an individual in a foreign country may be effectuated as follows:

> (1) by any internationally agreed means of service that is reasonably calculated to give notice, such as those authorized by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents;
>
> (2) if there is no internationally agreed means, or if an international agreement allows but does not specify other means, by a method that is reasonably calculated to give notice:
>
>> (A) as prescribed by the foreign country's law for service in that country in an action in its courts of general jurisdiction;
>>
>> (B) as the foreign authority directs in response to a letter rogatory or letter of request; or
>>
>> (C) unless prohibited by the foreign country's law, by:
>>
>>> (i) delivering a copy of the summons and of the complaint to the individual personally; or
>>>
>>> (ii) using any form of mail that the clerk addresses and sends to the individual and that requires a signed receipt; or
>
> (3) by other means not prohibited by international agreement, as the court orders.

Fed. R. Civ. P. 4(f). Rule 4(h)(2) of the Federal Rules of Civil Procedure requires that international service on a foreign corporation be made "in any manner

prescribed by Rule 4(f) for serving an individual, except personal delivery under (f)(2)(C)(i)." Fed. R. Civ. P. 4(h).

The governing international agreement between the U.S. and Brazil is the Inter-American Convention on Letters Rogatory. *Wash. State Inv. Bd. v. Odebrecht S.A.*, 2018 U.S. Dist. LEXIS 163356, at *12 (S.D.N.Y. Sep. 21, 2018) Thus, under Rule 4(f), "[a]n internationally agreed means of serving a Brazilian defendant is by letters rogatory." *DHL Glob. Forwarding Mgmt. Latin Am. v. Pfizer, Inc.*, 2014 U.S. Dist. LEXIS 146592, at *11 (S.D.N.Y. Oct. 14, 2014) (citing *United States v. Barry Fischer Law Firm, LLC*, 2011 WL 31545, at *4 (S.D.N.Y. Jan. 5, 2011) ("The U.S. has determined, through discussions with the Brazilian government, that, pursuant to the Foreign Sovereign Immunities Act, 28 U.S.C. § 1608, and the Inter-American Convention on Letters Rogatory, 1438 U.N.T.S. 287, the only mode of service in this case with respect to Brazil is to personally serve Brazil's Federal Counsel-General via letters rogatory."); *Lykes Lines Ltd. LLC v. Bringer Corp.*, 2007 WL 766170, at *4 (S.D.N.Y. Mar. 12, 2007) ("Brazilian law requires that service of process by a foreign party upon a party domiciled in Brazil must be made by means of letters rogatory." (internal quotation and citation omitted))); *see also* Inter-American Convention On Letters Rogatory, *opened for signature* Jan. 1, 1975, 1438 U.N.T.S. 287.

Privata seeks to serve the three Brazilian defendants through the issuance of letters rogatory. The governing international agreement between Brazil and the United States permits service of process on a Brazilian defendant through the issuance of letters rogatory. *See* Fed. R. Civ. P. 4(f)(1). Accordingly, Privata's motion for the issuance of letters rogatory is granted. To To enable and expedite the now-authorized service of the letters rogatory, I will also grant Privata's motion to amend the summons to reflect the new address of the law firm representing the plaintiff.

### III. Conclusion

For the reasons set forth above, Privata's motion for the issuance of letters rogatory is granted. (DE 7). The motion to amend the summons to substitute the new address of plaintiff's counsel is likewise granted. (DE 10).

An appropriate order follows.

Dated: January 24, 2019

**Kevin McNulty**
**United States District Judge**