UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEW JERSEY

<table>
<tr><td>
PRIVATA, LLC,<br><br>
                 Plaintiff,<br><br>
      v.<br><br>
NORTE PESCA, SA, RODRIGO FAUZE HAZIN, and ANTONIO CASSIO PIMENTAL HAZIN,<br><br>
                 Defendants.
</td><td>
Before: Leo M. Gordon, Judge<br><br>
Court No. 2:18-cv-14688
</td></tr>
</table>

## OPINION and ORDER

[Defendants' motion to dismiss or stay granted in part.]

Dated: October 8, 2024

Daniel M. Baker, Baker Law Group, LLC, of Moorestown, NJ argued for Plaintiff Privata, LLC.[1]

Kerri E. Chewning, Archer & Greiner of Voorhees, NJ argued for Defendants Norte Pesca, SA, Rodrigo Fauze Hazin, and Antonio Cassio Pimental Hazin. With her on the briefs were Edward J. Kelleher and Amy M. Pearl.

      Gordon, Judge[2]: In this action, Plaintiff Privata, LLC ("Privata") brings claims for

breach of contract against Norte Pesca, SA ("NP"), as well as two of its principals in their

individual capacity (the "Individual Defendants"), Rodrigo Fauze Hazin ("Rodrigo") and

---

[1] Plaintiff's former counsel, Cecelia A. Donato of the Donato Law Firm, drafted and submitted Plaintiff's brief opposing Defendants' motion to dismiss or stay the Complaint (as well as the underlying Complaint); however, Ms. Donato withdrew as counsel for Plaintiff in 2023 and was succeeded by Mr. Baker, well before the July 10, 2024 oral argument on the motion papers. See Letter Order, ECF No. 54 (granting Ms. Donato's January 30, 2023 motion to withdraw); Notice of Appearance, ECF No. 63 (Oct. 30, 2023).

[2] The Honorable Leo M. Gordon, Judge of the United States Court of International Trade, sitting by designation.

Antonio Cassio Pimental Hazin ("Cassio").  See Compl., ECF No. 1.  These claims arise out of several contractual credit arrangements entered into between Plaintiff and Defendants that were effective during the relevant time period of 2014–2018.  See generally id.

Before the court is Defendants' motion to dismiss or stay the claims raised in Plaintiff's complaint.  See Defs.' Mot. to Dismiss or Stay, ECF No. 48 ("Defs.' Mot."); see also Pl.'s Opp'n to Defs.' Mot. to Dismiss, ECF No. 49 ("Pl.'s Opp'n"); Defs.' Reply in Further Support of Mot. to Dismiss or Stay, ECF No. 51 ("Defs.' Reply").  For the following reasons, Defendants' motion to dismiss Plaintiff's claims as to the Individual Defendants for lack of personal jurisdiction is granted.  The court reserves decision as to Defendants' challenge to Plaintiff's fraud claim as well as the request for a stay.  The court will schedule a conference with the parties to discuss those issues and plan a path forward for this matter.

## I. Background

NP is a Brazilian corporation that is a purveyor of fresh fish authorized to sell and distribute seafood internationally.  See Compl. ¶ 10.  NP is currently engaged in a judicial recovery process before the Court of Recife in Brazil (a process akin to bankruptcy proceedings in the United States).  See id. ¶ 11.  During the course of this process, NP sought to infuse the company with equity.  In connection with seeking this financing, one of the principals of NP, Rodrigo, met Fernando Dager, one of the principals of Privata.  See id. ¶ 13.  In turn, Dager connected Rodrigo with Milos Fojtu, another principal of

Privata.  See id.  Dager and Fojtu then agreed to form Privata, LLC for the purpose of generating money to loan to NP.  See id.  Subsequently, Privata and NP formulated a business plan that was ultimately reduced to several credit financing contracts.

Plaintiff raises claims against Defendants NP, Rodrigo, and Cassio, specifically alleging "collection on a note," "accounting," and "fraud" in connection with alleged violations of these underlying contracts.  See id. ¶¶ 59–83.  All of Plaintiff's claims arise from the business arrangement and contracts negotiated between and among the parties that were conceived in the context of the ongoing judicial recovery process involving Defendant NP in Brazil.

## II. Standard of Review

Federal Rule of Civil Procedure 12(b)(2) provides for dismissal in actions in which the court does not have personal jurisdiction over a defendant.[3]  See Ontel Prods. Corp.

---

[3] Defendants' motion papers specifically reference Federal Rule of Civil Procedure 12(b)(6), but notably fail to expressly cite Rule 12(b)(2).  See generally Defs.' Mot.  Nevertheless, the court understands from the language and context of Defendants' arguments relating to personal jurisdiction that Defendants' motion to dismiss the Individual Defendants is in fact predicated on Rule 12(b)(2).  This distinction can be important as it impacts the burden of proof on the parties, and the evidence the court may consider in evaluating a challenge to personal jurisdiction as opposed to a failure to state a claim.  See Time Share Vacation Club v. Atlantic Resorts, Ltd., 735 F.2d 61, 67 n.9 (3d Cir. 1984) (explaining distinction between motions under Rule 12(b)(2) and 12(b)(6)).  However, given that the basis for Defendants' motion to dismiss for lack of personal jurisdiction as to the Individual Defendants is clear, and was understood by Plaintiff in its response, the court concludes that Defendants' failure to cite Rule 12(b)(2) is not fatal to their motion.  See, e.g., In re Polo Builders, 374 B.R. 638, 644–45 (Bankr. N.D. Ill. 2007) (explaining that courts may forgive incorrect rule citations where underlying substance is otherwise correct and clear, as "[r]eal litigation is not a law school exam").

v. Mindscope Prods., 220 F. Supp. 3d 555, 559 (D.N.J. 2016).  "A Rule 12(b)(2) motion

… is inherently a matter which requires resolution of factual issues outside the pleadings,

i.e. whether in personam jurisdiction actually lies.  Once the defense has been raised,

then the plaintiff must sustain its burden of proof in establishing jurisdictional facts through

sworn affidavits or other competent evidence. … [A]t no point may a plaintiff rely on the

bare pleadings alone in order to withstand a defendant's Rule 12(b)(2) motion to dismiss

for lack of in personam jurisdiction.  Once the motion is made, plaintiff must respond with

actual proofs, not mere allegations."  Time Share Vacation Club v. Atlantic Resorts, Ltd.,

735 F.2d 61, 67 n.9 (3d Cir. 1984) (internal citation omitted).

        In deciding a motion to dismiss for failure to state a claim upon which relief can be

granted under Federal Rule of Civil Procedure 12(b)(6), the court assumes all factual

allegations to be true and draws all reasonable inferences in the plaintiff's favor.  Zuber

v. Boscov's, 871 F.3d 255, 258 (3d Cir. 2017).  A plaintiff's factual allegations must be

"enough to raise a right to relief above the speculative level on the assumption that all the

allegations in the complaint are true (even if doubtful in fact)."  Bell Atlantic Corp. v.

Twombly, 550 U.S. 544, 555 (2007).

        "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the

elements of a cause of action will not do.'"  Iqbal, 566 U.S. at 678 (2009) (quoting

Twombly, 550 U.S. at 555 (2007)).  Therefore, the court is "not bound to accept as true a

legal conclusion couched as a factual allegation."  Papasan v. Allain, 478 U.S. 265, 286

(1986).  Instead, "to survive a motion to dismiss, a complaint must contain sufficient

factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'"

Iqbal, 566 U.S. at 678 (quoting Twombly, 550 U.S. at 570).

### III. Discussion

Defendants maintain that Plaintiff's complaint fails to detail "how this Court can assert personal jurisdiction over the individual Defendants."[4]   See Defs.' Mot. at 11 (explaining that "[t]here are no facts alleged in the Complaint which would give rise to a plausible allegation that either Rodrigo or Cassio Hazin ever subjected themselves personally to the jurisdiction of this Court.").   Defendants emphasize that Plaintiff has recognized in its complaint that Rodrigo and Cassio are "residents of Brazil."   Id. As Plaintiff explains:

> A federal court sitting in diversity engages in a two-step inquiry to determine whether it may exercise personal jurisdiction. The court must first determine whether the relevant state long-arm statute permits the exercise of jurisdiction; if so, the court must then satisfy itself that the exercise of jurisdiction comports with due process. IMO Indus., Inc. v. Kiekert AG, 155 F.3d 254, 258–59 (3d Cir. 1998).  New Jersey's long-arm statute extends the state's jurisdictional reach as far as the United States Constitution permits, so the analysis turns on the federal constitutional standard for personal jurisdiction. Id. at 259.

Pl.'s Resp. at 7 (quoting Display Works, LLC v. Bartley, 182 F. Supp. 3d 166, 172 (D.N.J. 2016)).  Plaintiff goes on to maintain that the Individual Defendants purposefully directed their activities at residents of New Jersey by seeking the funding arrangements at issue

---

[4] See supra note 3 (describing how Rule 12(b)(2) is basis for Defendants' motion to dismiss as to Individual Defendants here).

in this litigation.   Plaintiff thus encourages the court to conclude that the Individual Defendants are subject to jurisdiction in the District of New Jersey in connection with their efforts to obtain funding as principals for NP.   Id. at 8.

Defendants, however, maintain that Plaintiff cannot justify personal jurisdiction over the Individual Defendants by their involvement in establishing the contractual arrangements between Plaintiff and NP because none of the contracts contained "any personal guarantee by either Rodrigo or Cassio."  Defs.' Mot at 12.  Defendants point out that "[t]here is no allegation in [the] Complaint to make plausible any argument that either Rodrigo or Cassio Hazin promised a personal guarantee or substituted their own personal liability for that of Norte Pesca."  Id.  Defendants further argue that "[t]here is also no allegation or contention that some other independent duty imposed by law obligated Rodrigo and Cassio Hazin personally for the debts of the company."  Id.  Defendants thus urge the court to conclude that the claims against the Individual Defendants must be dismissed as "there are no facts alleged in the Complaint, and there is no basis for any contention, that any legitimate debt that Plaintiff can prove is owed to it will be owed by anyone other than Norte Pesca because the only obligation arises under the identified contracts."  Id.  Having raised a challenge to the court's lack of personal jurisdiction over Rodrigo and Cassio, Defendants contend that the burden rests with Plaintiff to present allegations of fact sufficient to establish personal jurisdiction.  See id. at 11 (citing Carteret Savings Bank, FA v. Shushan, 954 F.2d 141, 146 (3d Cir. 1992)).

Plaintiff's response to these contentions is confused at best. Notably, Plaintiff responds to Defendants' motion with no additional factual allegations, simply noting that "Plaintiff relies upon the facts as presented in the Complaint." Pl.'s Resp. at 4. Instead, after reciting general principles of law as to issues of personal jurisdiction, Plaintiff appears to conclude that the Individual Defendants subjected themselves to personal jurisdiction in the District of New Jersey because "the individual defendants came to Plaintiff, a New Jersey resident, and sought funding for NP's operations while it operated under Judicial Protection" in Brazil. Id. at 8 (also emphasizing 3rd Circuit case law that "[t]here is sufficient due process contact for personal jurisdiction if the defendant purposefully directed his activities at the residents of the forum"). Plaintiff goes on to argue that the court has jurisdiction over the Individual Defendants because "Defendants were unable to obtain alternate funding closer to home and have purposefully directed their activities at a resident of the forum state." Id. These arguments not only fail to distinguish the actions of NP from those of the Individual Defendants, but also suggest the unfounded implication that Rodrigo and Cassio acted on their individual behalf in arranging the deals between NP and Privata. Cf. Oral Arg. Tr. at 27:8–29:9, ECF No. 86 (July 10, 2024) (clarifying that Rodrigo and Cassio did not physically come to New Jersey nor were the contracts between NP and Privata physically signed in New Jersey); see also Nicholas v. Saul Stone & Co., 224 F.3d 179, 184 ("jurisdiction over the defendants does not exist simply because they are agents or employees of organizations which presumably are amenable to jurisdiction in this Court" (citing Keeton v. Hustler Magazine,

Inc., 465 U.S. 770, 781 (1984))).  As confirmed at oral argument, Plaintiff has failed to reasonably allege that Rodrigo or Cassio ever submitted themselves to jurisdiction in New Jersey.  See Oral Arg. Tr. at 35:11–35:21 (conceding, in response to court's questioning on personal jurisdiction as to Individual Defendants, that there is no "specific minimum contacts allegation" in the complaint).

The remainder of Plaintiff's arguments are misplaced as they appear not to address the propriety of the exercise of personal jurisdiction directly, but instead focus on the validity of the foreign service of process, which Defendants have not contested.  See Pl.'s Resp. at 8–10; see also Defs.' Reply at 5–6 (explaining distinction between effective service of process and establishment of personal jurisdiction).   As Defendants persuasively explain, Plaintiff has not plausibly alleged facts indicating that this Court may exercise personal jurisdiction over Rodrigo and Cassio.  See Defs.' Reply at 5–7.

At best, Plaintiff's arguments demonstrate that Rodrigo and Cassio acted on behalf of NP in connection to the claims raised in the complaint.  As Defendants highlight, "[t]here are no allegations that Rodrigo availed himself personally of any benefit of New Jersey – his only contacts were for Norte Pesca.  This is especially true for Cassio Hazin.  He did not even sign the contracts on behalf of Norte Pesca.  Nor is there any allegation that Cassio Hazin ever traveled to the United States or otherwise availed himself, personally, of the benefits of the United States of America."  Id. at 7.  The court agrees with Defendants that Plaintiff has failed in its obligation to "come forward with facts to support the claim of personal jurisdiction as to the individual Defendants."  Id. (citing Time Share

Vacation Club, 735 F.2d at 67 n.9).  Accordingly, Plaintiff's claims against the Individual Defendants shall be dismissed for lack of personal jurisdiction.

As noted previously, the court reserves decision as to the motion to dismiss the fraud claim and Defendants' request to stay the remaining proceedings in this action.  The court notes that Defendants' counsel suggested this course of action at the conclusion of oral argument, after acknowledging that the court may need additional information from the parties about the current state of the proceedings in Brazil.  See Oral Arg. Tr. at 42:3-42:15 (urging court to decide motion as to Individual Defendants despite lack of information as to proceedings in Brazil).

### IV. Conclusion

For the foregoing reasons, the court grants Defendants' motion to dismiss Plaintiff's claims as to Rodrigo and Cassio in their individual capacities.  Accordingly, it is hereby

**ORDERED** that Defendants' motion to dismiss this action as to the Individual Defendants for lack of personal jurisdiction is granted; and it is further

Court No. 2:18-cv-14688                                                      Page 10

      **ORDERED** that the parties shall conference with the court at a date and time mutually agreed upon to address further proceedings in this matter.


                       /s/ Leo M. Gordon
                       Leo M. Gordon, Judge
                       U.S. Court of International Trade
                       (sitting by designation in the District of New Jersey)


Dated: October 8, 2024
        Newark, New Jersey